UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-22324-JB

MINEL DUENAS ROBLES,

 Petitioner,

v.

WARDEN, Miami Federal
Detention Center, *et al.*

 Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Minel Duenas Robles's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response Opposing the Petition, and Petitioner filed a Reply. ECF Nos. [5], [9]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I. BACKGROUND

Petitioner is a Cuban citizen who entered the United States on July 6, 1995, as a minor. ECF Nos. [1] at 9, ¶ 12; [5-2], ¶ 7. On July 19, 1995, Petitioner was paroled into the country under the Cuban Parole Adjustment Act for a period of two (2) years pending adjustment of status. ECF Nos. [5-1] at 3; [5-2], ¶ 8. Petitioner did not adjust his status as his two Applications to Register Permanent Residence or Adjust Status were denied in 2007 and 2012. ECF No. [5-2], ¶¶ 25, 27.

1

On February 24, 2025, the United States Immigration and Customs Enforcement and Removal Operations encountered Petitioner at the Turner Guilford Knight Correctional Center in Miami, Florida.  ECF No. [5-1].  After issuance of an immigration detainer, *id.*, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") classifying him as an "arriving alien" and charging him with inadmissibility under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), which is codified at 8 U.S.C. § 1182(a)(7)(a)(i), as "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document."  ECF No. [5-8].

On October 4, 2025, Petitioner was transferred to ICE custody and, the next day, was served with the NTA.  ECF No. [5-2] ¶¶ 43–44.  On October 28, 2025, DHS filed the NTA with the Executive Office for Immigration Review ("EOIR"), thereby initiating removal proceedings against Petitioner.  *Id.* ¶ 45.  Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236 and, on March 26, 2026, an EOIR immigration judge issued an Order denying bond "because arriving alien – no jurisdiction."  ECF No. [5-9].  Petitioner's removal proceedings remain ongoing, ECF No. [5-2] ¶ 52, and his next immigration hearing is set for May 11, 2026.  Petitioner is currently being held at the Federal Detention Center ("FDC") in Miami, Florida.  ECF Nos. [1]; [5-2] ¶¶ 52–53.

On April 3, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner raises five claims.  Count One alleges that Petitioner's detention for more than six months without a meaningful review of his continued detention violates the Due

Process Clause of the Fifth Amendment.  *Id.* at 10.   Count Two alleges that Petitioner's bond hearing was constitutionally inadequate because it failed to properly consider the alleged remoteness of his criminal history, his alleged rehabilitation, his family ties, and less restrictive alternatives to detention.  *Id.* Counts Three and Four appear to go the merits of whether Petitioner should be granted bond, as it alleges that he is not a danger to the community or a flight risk. *Id.*  Finally, Count Five alleges that Petitioner's continued detention is excessive and unnecessary because there are less restrictive alternatives available.  *Id.*  Petitioner seeks immediate release or, alternatively, a constitutionally adequate bond hearing. *Id.* at 11.

Respondents filed their Response to the Petition.  ECF No. [5].  Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2) as an arriving alien and, thus, is not entitled to a bond hearing.  *Id.* at 7–11.  For this reason, Respondents contend that Petitioner's detention does not violate the Due Process Clause.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction

extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

As mentioned, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an arriving alien. Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq.* Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are

---

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country.  8 U.S.C. § 1225(b)(2)(A).  Importantly, detention under § 1225(b)(2) is mandatory.  *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

However, federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added).  Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release.  *See* 8 U.S.C. § 1226(a).  The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.  Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction.  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425,

5

at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes*, 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation."). The only basis that Respondents provide to justify Petitioner's mandatory detention is his classification as an "arriving alien" which, according to the record, was not made until February 2025—nearly ***thirty years*** after Petitioner entered the United States. The Court is not persuaded by Respondents' argument and concludes that, based on the current record, Petitioner falls within section 1226(a).

Notably, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes*, 2025 WL 2609425, at *5. As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro*

*Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted).  The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* recently issued a decision in Respondents' favor.  *See* No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).  However, the *Buenrostro-Mendez* decision is not controlling on this Court, and the Eleventh Circuit has not ruled on the matter.  As such, there is no binding authority that contravenes the previous decisions of this Court.

Accordingly, Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an immigration judge.  As such, Count One of the Petition is meritorious because Petitioner's mandatory detention under section 1225(b)(2) without conducting a dangerousness and risk of flight determination is unlawful.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED   AND   ADJUDGED**  as follows:

1.     Minel Duenas Robles's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford

Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.     Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.     Count One of the Petition is **GRANTED** and the remaining Counts are **DISMISSED WITHOUT PREJUDICE**.

4.     The Clerk is directed to **CLOSE** this case.

5.     Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of April, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**